Geneva I. LONG and Raymond C. Long, Plaintiffs/Appellees,

v.

Basil M. MATTINGLY, individually and d/b/a Marion Mission, an unincorporated association or an individual proprietorship, and Marion Mission Co., a corporation, Defendants/Appellants.

Court of Appeals of Tennessee, Middle Section, at Jackson.

May 29, 1991.

Application for Permission to Appeal Denied by Supreme Court Sept. 23, 1991.

Joe Timberlake, Chattanooga, for plaintiffs/appellees.

John T. Rice, Luther, Anderson, Cleary & Ruth, P.C., Chattanooga, for defendants/appellants.

## OPINION

TODD, Presiding Judge.

This is an action for damages arising out of a motor vehicle collision. All matters have been finally concluded except the determination of the interest due the plaintiffs upon the judgment. The defendants have appealed from the judgment of the Trial Court in respect to said interest.

—Relevant History of the Case—

On November 23, 1988, a jury rendered verdicts awarding Geneva I. Long $100,000 and Raymond C. Long, $25,000.

On March 1, 1989, Geneva I. Long accepted under protest a remittitur of $15,000 suggested by the Trial Judge; and Raymond C. Long accepted under protest a remittitur of $5,000 suggested by the Trial Judge.

Upon appeal by plaintiffs to this Court by the defendants, on July 5, 1990, 797 S.W.2d 889 an opinion was filed stating:

This appeal involves an automobile accident in South Pittsburg. The driver whose automobile was struck from behind and her husband filed an action in the Circuit Court for Marion County against the driver of the second automobile and his employer. After the jury awarded $100,000 to the plaintiff-driver and $25,000 to her husband, the plaintiffs accepted remittiturs reducing the awards to $85,000 and $20,000 respectively. The defendants have appealed, insisting that they were entitled to a directed verdict, that the jury instructions were erroneous, and that evidence concerning the reasonableness of a portion of the medical expenses was inadmissible. We have determined that judgment should be affirmed but that the damage awards should be reduced further to $50,000 and $10,000 respectively.

. . . .

If, after reviewing the record, we determine that the adjusted damage award is still excessive, we have the prerogative under Tenn.Code Ann. § 20–10–103(a) (Supp.1989) to reduce the damages further. *Ellis v. White Freightliner Corp.*, 603 S.W.2d 125, 129 (Tenn.1980); *Porter v. Green*, 745 S.W.2d 874, 879 (Tenn.Ct. App.1987). We have reviewed the proof of the Longs' damages in this case and have determined that the remitted awards are still excessive and are contrary to the preponderance of the evidence.

. . . .

We agree with the trial court's conclusion that awarding $100,000 to Mrs.

Long and $25,000 to Mr. Long was excessive under these facts. However, we also find that the evidence preponderates against awarding them $85,000 and $20,000 respectively as decreed by the trial court. Based on our own review of the record, we find that the proof, taken as a whole, entitles Mrs. Long to $50,000 and Mr. Long to $10,000.

We affirm the trial court's judgment as modified by this opinion. The case is remanded to the trial court for any further proceedings consistent with this opinion. We tax the costs in equal proportions to Raymond and Geneva Long and to Basil Mattingly and Marion Mission Company and their respective sureties for which execution, if necessary, may issue.

The judgment of this Court, entered upon said opinion, states:

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and adjudged by this Court that the damage awards are further reduced to $50,000 and $10,000 respectively; otherwise the judgment of the trial court is affirmed. The case is remanded to the Circuit Court of Marion County for any further proceedings consistent with this Court's opinion, and for collection of costs accrued below.

One-half of the costs of appeal will be paid by Raymond and Geneva Long, for which execution may issue if necessary; and one-half of the costs of appeal will be paid by Basil M. Mattingly and Marion Mission Company, Principals, and Luther, Anderson, Cleary & Ruth, Surety, for which execution may issue if necessary. 7/5/90.

Thereafter (date not shown in record) the plaintiffs filed with the Supreme Court an "Application for Permission to Appeal" stating:

Plaintiffs/appellees make the remittitur suggested by the Court of Appeals under protest in the Court of Appeals and file this application for permission to appeal under the provisions of *Tennessee Code Annotated* § 20–10–103.

On September 6, 1990, defendants filed with the Trial Court a "Motion to Pay Remitted Judgment Pending Application to Appeal".

On the same date, September 6, 1990, the Trial Court entered an order permitting defendants to "file" with the Trial Clerk the sum of $60,000 to be placed at interest until further order of court. It is conceded in plaintiffs' brief that the $60,000 was paid to the Trial Clerk.

On October 22, 1990, the Supreme Court denied application for permission to appeal. On October 24, 1990, a mandate was issued to the Trial Court.

On October 26, 1990, plaintiffs moved the Trial Court for leave to withdraw the $60,000 on deposit with the Clerk with accrued interest and for judgment for interest on the judgment from the date of the verdict in accordance with T.C.A. §§ 47–14–121 and 47–14–122 and T.R.A.P. Rule 41.

On October 29, 1990, the Trial Court entered an order awarding plaintiffs 10% interest upon their judgments ($50,000 and $10,000, respectively) from the date of the jury verdict "until the sixty thousand dollars can be released to plaintiffs", subject to a credit of any interest earned on the $60,000 while in the custody of the clerk.

It is conceded that, on November 2, 1990, the Trial Clerk paid to plaintiffs $60,000 plus $292.80 interest.

Upon further motion of the plaintiffs, on November 29, 1990, the Trial Court entered separate judgments in favor of the defendants for total interest upon $60,000 from November 22, 1988, to November 2, 1990, in the gross amount of $11,671.40, less $292.80 received from the Clerk, leaving a net combined judgment of $11,378.60.

From this judgment, the defendants have appealed.

—Issues on Appeal—

Defendants present only one issue, namely:

Whether the trial court erred in allowing post judgment interest to run from the date of the original jury verdict through November 22, 1988, when the

mandate of the Court of Appeals contained no instruction as to the award of interest, and when the appellees contributed to any delay by seeking discretionary review in the Supreme Court.

Plaintiffs present four issues, as follows:

Whether plaintiffs are entitled to statutory interest at the rate of ten percent (10%) from the date of the jury verdict returned on November 23, 1988, on the amount of the verdict as remitted by the Court of Appeals to Fifty Thousand Dollars ($50,000.00) and Ten Thousand Dollars ($10,000.00) respectively until the date of the decision of the Court of Appeals entered on July 5, 1990.

Whether the plaintiffs are entitled to statutory interest at the rate of ten percent (10%) from the date of the Court of Appeals decision on July 3, 1990, to the date that they were permitted by the Circuit Court of Marion County, Tennessee to withdraw the amount of the remitted verdicts on November 2, 1990.

Whether the plaintiffs are now and in the future entitled to statutory interest at the rate of ten percent (10%) on the judgment of accrued interest from the date the remitted judgments were paid until the date of payment in the future provided this court determines on this appeal that plaintiffs are entitled to the judgment of accrued interest.

Whether this appeal is frivolous, entitling plaintiffs to damages by reason of a frivolous appeal under the terms and provisions of T.C.A. § 27–1–122.

—The Law—

T.C.A. §§ 47–14–121 and 122 provide as follows:

**Interest on judgments—Rate.**—Interest on judgments, including decrees, shall be computed at the effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute; provided, however, that where a judgment is based on a note, contract, or other writing fixing a rate of interest within the limits provided in § 47–14–103 for that particular category

of transaction, the judgment shall bear interest at the rate so fixed.

**Interest on judgments—Computation.**—Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial.

T.R.A.P. Rule 41 provides:

**Interest on Judgments.**—If a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is allowed by law shall be payable computed from the date of the verdict of the jury or the equivalent determined by the court in a non-jury case, which date shall be set forth in the judgment entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest.

The language of the statute is mandatory. *Bedwell v. Bedwell,* Tenn.App.1989, 774 S.W.2d 953.

In *Underwood v. Liberty Mutual Insurance Company,* Tenn.1989, 782 S.W.2d 175, the plaintiff was awarded a judgment for worker's compensation, but appealed for inadequacy. The defendant paid part of the judgment direct to the plaintiff, and the remainder of $22,984 was paid to the Trial Clerk, but not expressly in satisfaction of the judgment. On the contrary, the defendant obtained an order of the Trial Court that the fund be held pending the disposition of the appeal, wherein the defendant had filed a counter issue requesting reversal or reduction. The Supreme Court held that, upon final affirmance, the plaintiff was entitled to statutory interest upon the judgment from its original pronouncement by the Trial Judge until its payment to the plaintiff.

For the reasons stated in *Underwood,* the deposit of money with the Trial Clerk did not relieve the defendants of interest except to the extent of interest earned by the deposit.

■ Defendants rely upon T.R.A.P. Rule 41, quoted above. However, this Court does not agree that the reduction of a judgment on appeal by remittitur results in a forfeiture of the interest due on the reduced judgment from the date of the jury verdict to the date of reduction in the appellate court.

It is argued that this Court "modified" the judgment, thereby setting aside the judgment of the Trial Court and entering a new judgment in the appellate court or mandating the entry of a new judgment in the Trial Court. This Court does not agree.

Remittiturs of jury verdicts for excessiveness are not made by courts, but by the successful party. The court has the discretionary power to offer the prevailing party the opportunity to waive or "remit" the excessive portion of the verdict as an alternative to setting the verdict aside for excessiveness and ordering a new trial. It is therefore said that the court "suggests" a remittitur and the successful party, if willing "makes" the remittitur. *See* 66 C.J.S. New Trial § 209 p. 517, et seq.

The Tennessee remittitur statutes §§ 20–10–102 and 103, recognize the inherent power of the trial courts and, on appeal, the appellate courts to "suggest" a remittitur as an alternative to a new trial.

Section 20–10–102 states that when a remittitur is suggested by the trial judge, an unwilling plaintiff may make the remittitur under protest and appeal from the suggestion of the remittitur. The same statute authorizes this Court to reverse the "suggestion" and render judgment for the full amount (thereby eliminating the threatened alternative of a new trial).

Section 20–10–103 provides for cases such as the present case, wherein this Court determines that the successful party should make a remittitur even larger than that suggested by the trial court. In such a case, the statute provides:

> ... if, by the opinion of the Court of Appeals, a further or a larger remittitur is required of the party in whose favor the verdict was rendered, ... or a remittitur is first suggested or required in the Court of Appeals, on penalty of granting a new trial; then in each and all of these events the party in whose favor the verdict or judgment has been rendered may *make the remittitur under protest in the Court of Appeals,* and take the case, by application for permission to appeal, for review upon that point, to the Supreme Court.

■ The function of the appellate court in a personal injury case is to suggest a remittitur when, considering the nature and extent of the injuries, suffering, expense, diminution of earning capacity, inflation, high cost of living, expectation of life and amount awarded in similar cases, the verdict appears palpably too large. *Olson v. Sharpe,* 36 Tenn.App. 557, 259 S.W.2d 867 (1953).

Despite the verbiage of the opinion and judgment of this Court, the verdicts and judgments in favor of plaintiff were not modified or reduced by this Court which had no authority beyond suggesting that plaintiff "make the suggested remittitur" and, in event of plaintiffs' refusal to do so, vacating the verdict and judgment and ordering a new trial.

This Court modified the order of the Trial Court suggesting remittiturs as an alternative to a new trial by increasing the amount of the suggested remittitur.

The acceptance of the suggestion of this Court "under protest" limited plaintiffs' relief to review by the Supreme Court which was denied. Upon denial of permission to appeal, the "remittitur under protest" became absolute and the amounts of the judgments were reduced by the waiver of plaintiff and not by the action of this Court.

■ It is therefore seen that the original verdicts and judgments were reduced by plaintiffs' "remittitur under protest" in the Trial Court and further reduced by plaintiffs' "remittitur under protest" in this Court; but the original judgment of the Trial Court remained in effect except to the extent waived or remitted by plaintiffs. Having waived a part of the principal of their judgments, plaintiffs have also waived interest on the waived part of the

judgments, so that they are entitled to interest only upon the remaining, unwaived portion of their judgments.

This Court did not "modify" or "reverse" the judgment of the Trial Court, but only modified the amount of the suggested remittiturs. It was the plaintiffs who relieved the defendants of part of their liability by waiver.

Thus, Rule 41 is not applicable to the present case.

As ruled by the Trial Judge, plaintiffs are entitled to interest on their reduced judgments from the date of the jury verdict to the date of payment.

The foregoing disposes of the single issue presented by the defendants and the first two issues presented by plaintiffs.

 Plaintiffs' third issue presents the thorny question of their right to "interest on interest", that is, interest upon the unpaid interest which accumulated on the judgment from the jury verdict until payment. As stated, the Trial Court rendered judgments for that interest on November 29, 1990, and those judgments are the subject of this appeal.

T.C.A. §§ 47–14–121 and 122 mandate interest on judgments. There was a dispute as to the amount of interest which the Trial Court resolved by judgment. Upon the rendition of that judgement plaintiffs were entitled to their money and the defendants were under a duty to pay it and to pay the statutory interest charges from the date of entry of the judgment to the date of payment.

The foregoing disposes of the third issue presented by plaintiffs.

This Court has considered plaintiffs' fourth issue and concludes that this is not an appropriate situation for award of damages for frivolous appeal.

The judgment of the Trial Court is affirmed. Interest will be due on said judgment at the rate of 10% per annum from November 29, 1990, until the date of payment. Costs of this appeal are taxed against the defendants. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

CANTRELL, J., and WILLIAM H. INMAN, Special Judge, concur.