IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 20, 2001 Session

## VANN R. STIFFLER, ET AL. v. THE KROGER COMPANY

**Direct Appeal from the Circuit Court for Shelby County**
**No. 76434 T.D.     George H. Brown, Jr., Judge**

---

### No. W2000-02200-COA-R3-CV - Filed August 16, 2001

---

This is a premise liability action arising from an incident wherein Mrs. Stiffler was struck in the back by shopping carts, knocked to the floor, and sustained injuries as a result of the fall. At trial, the jury awarded Mrs. Stiffler $75,000 and awarded $5,000 to Mr. Stiffler on his loss of consortium claim. Kroger filed a motion to set aside the verdict, for a new trial, or, alternatively, for remittitur. The trial court denied Kroger's motion, and this appeal ensued. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Betty Ann Milligan and Mildred L. Sabbatini, Memphis, Tennessee, for the appellant, The Kroger Company.

R. Linley Richter, Jr., Memphis, Tennessee, for the appellees, Vann R. Stiffler and Donald Stiffler.

### OPINION

On the afternoon of June 10, 1995, Vann Stiffler (Mrs. Stiffler) and her husband, Donald Stiffler (Mr. Stiffler) went to Kroger to do their weekly grocery shopping. Mr. Stiffler helped Mrs. Stiffler out of the car and then went ahead of Mrs. Stiffler into the store to do their banking. Mrs. Stiffler, who was using two crutches due to her existing medical condition,[1] entered the store, stopped, and made a half turn to her left to see where Mr. Stiffler was in line at the bank. As Mrs. Stiffler looked toward the bank, she was bumped in the back by a store employee who was guiding shopping carts into the store. She was then struck in the back by the shopping carts which caused

---

[1]Mrs. Stiffler suffers from rheumatoid arthritis and has had both knees and hips replaced. In 1990, Mrs. Stiffler had her right hip joint removed as well.

Mrs. Stiffler to fall face first to the ground. She was unable to break her fall or catch herself as she hit the floor. An ambulance was summoned, and Mrs. Stiffler was transported to Baptist Hospital East where she remained for approximately six hours. As a result of the fall, the skin on Mrs. Stiffler's left hand peeled back, and she had a laceration above her right eyebrow. She also suffered from tenderness and muscle spasms in her neck, a mild concussion, and multiple, severe contusions of the facial area, both elbows, both hands, and both knees. Mrs. Stiffler was temporarily disabled as a result of her injuries incurred in the fall from June 10, 1995 to August 24, 1995. She has permanent scars on her left hand and over her right eyebrow.

Approximately one to two months after being released from the treatment of her trauma doctor, Mrs. Stiffler began to develop headaches which would last anywhere from a few hours to all day. These headaches continued for approximately two years after her fall.

The Stifflers brought an action against The Kroger Company (Kroger) based on the theories of premise liability and loss of consortium. This matter was tried before a jury, and at the trial's conclusion, the jury awarded Mrs. Stiffler a verdict of $75,000 and Mr. Stiffler a verdict of $5,000 for his loss of consortium claim. Kroger filed a motion to set aside the verdict, for a new trial, or alternatively, for remittitur. The trial court denied Kroger's motion, and this appeal followed.

Kroger presents the following issues, as we perceive them, for this court's review:

1. Whether the damages awarded by the jury were so excessive as to indicate caprice, passion, and prejudice on part of the jury, and whether the damages awarded were above the range of reasonableness of verdicts which a fair and impartial jury could have returned.

2. Whether the trial court erred in failing to grant Kroger's motion to set aside the verdict, for a new trial, or alternatively, for remittitur.

3. Whether the trial court erred in failing to grant remittitur.

On appeal, where an assignment of error relates to the excessiveness of a jury verdict, our duty is to review the proof of damage. If we find the damages to be excessive, it is our duty to reduce them, but, when the trial judge has approved the verdict, our review is to determine if there is any material evidence to support the award. As this court stated in ***Overstreet v. Shoney's, Inc.***, 4 S.W.3d 694, 718 (Tenn. Ct. App. 1999)(internal citations omitted),

> when a trial court approves a jury verdict, appellate courts may only review the record to determine whether it contains material evidence to support the jury's verdict. Appellate courts do not reweigh the evidence and consider where the preponderance lies. Instead, they determine whether there is any material evidence to support the verdict, and, if there is, they must affirm the judgment.

*See also* Tenn. R. App. P. 13(d).  We will suggest a remittitur when the verdict appears excessive, considering the nature and extent of the injuries, suffering, expense, diminution of earning capacity, and the amount of damages awarded in similar cases.  ***See Long v. Mattingly***, 817 S.W.2d 325 (Tenn. Ct. App. 1991).

In the instant case, Mrs. Stiffler suffered, *inter alia*, multiple, severe contusions, lacerations on her face and left hand, and a mild concussion.  She was designated by her trauma doctor to be temporarily disabled from June 10, 1995 to August 24, 1995.  As a result of her fall, she incurred medical expenses of $3,110.08.  During the time Mrs. Stiffler was disabled, Mr. Stiffler had to take care of the household as well as hold down his job as a construction supervisor.  Although we determine the jury's award to be on the high-end of the range of reasonableness, we do not find it to be the result of passion, prejudice, or caprice.  Because the trial judge approved the verdict, and because we do not find the jury's award to be the result of passion, prejudice, or caprice, we must affirm the award of $75,000 to Mrs. Stiffler and $5,000 to Mr. Stiffler.  As we have found that the jury award was reasonable, we also find that the trial court did not err in failing to grant Kroger's motion for a new trial or in failing to grant Kroger a remittitur.

Accordingly, we hereby affirm the jury award in all respects.  Costs on appeal are taxed to the appellant, The Kroger Company, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-3-