McKinney, J.
delivered the opinion of the court.
This is an action of debt brought in - the circuit' court of Haywood county, on the 18th day of January, 1848, and is founded on the record of a judgment recovered by the defendant against tiste plaintiff in error, in the circuit court of Lauderdale county, Alabama, on the 26th day of October, 1880. The judgment was for twenty-nine dollars and thirty-eight cents, damages, “together with the costs,” &c. The bill of costs, as taxed in the execution which accompanies the transcript of the record, amounts to eighty-four dollars and sixty-four cents.
In the present action, the plaintiff declares for the damages recovered and likewise for the costs of suit, amounting together to one hundred and fourteen dollars and two cents.
The pleas are mil tiel record, and payment. Upon the first plea, there was no finding by the court. Upon the second plea, the jury found that defendant owed the debt of one hundred and fourteen dollars and two cents, in the declaration mentioned, and assessed damages for the detention thereof to the amount of one hundred and twenty-nine dollars, being interest on the entire amount of damages and costs declared for, from the date of the judgment in Alabama. A new trial having been refused, an appeal in error was prosecuted to this court.
The circuit judge instructed the jury, “that the plaintiff was entitled to recover the ’amount of the judgment rendered in Alabama, and also the eighty-four dollars and sixty-four cents costs in said court; and that he was also entitled to interest on said costs from the rendition of the judgment in Alabama, in 1830, up to the time of trial, as well as interest on the judgment for damages.”
*468 The counsel for the plaintiff in error insists, first, that the circuit judge' erred in holding that the plaintiff was entitled to recover the costs of the suit in Alabama. If we are to be governed in the determination of this point by the law and settled practice of this State, and we are not aware that the law of Alabama is different, there is no error in the instruction of the court upon this point. Our law on the subject of costs is altogether different from the common law. At the common law, each party paid his' own costs as the suit progressed, and the costs thus paid were not recoverable, eo nomine, by the party prevailing in the suit; though in actions in which damages were given, costs were usually included in the quantum of damages assessed. The recovery of costs in England depends upon various statutory provisions. By our practice the costs await the final determination of the suit, and the unsuccessful party is subjected, with a few exceptions, to the entire costs, not otherwise adjudged by interlocutory orders during the progress of the suit. The judgment in favor of the party prevailing in the action awards the costs. It is made the duty of the clerk to tax the legal costs of the suit, and to annex a copy thereof to the execution; and the sheriff is required to levy and collect the costs, together with the debt or damages recovered by the party. The legal right of the party in whose favor judgment is rendered, to collect the costs, either by execution or by suit upon the former judgment, is unquestionable. It is true, as argued, that the costs, generally speaking, belong to the officers of court and witnesses in the suit, and not to the party in whose favor judgment is rendered. Still the legal interest is in the latter; through him, and in his name the costs must be col *469 lected for the use and benefit of the former; and to them he is liable as for money paid and received to their use.
The second error assigned, is the instruction that the plaintiif was entitled to recover interest on the amount of costs taxed in the suit in Alabama. In this we think the court erred. By the ancient common law, interest was not allowable,
By our law, “all judgments entered up in any of . the courts of record in this State, or by any justice of the peace, shall bear interest until paid.” See act of 1786, ch. 50, sec. 2; 1835, ch. 50, sec, 2. But the term judgment, as here used, does not include a judgment for costs. It is used, and is to be taken in its strict technical meaning, and includes only the specific debt or damages awarded in numero, to the plaintiff. Such, it is believed, has been the uniform and universal practice of the courts, and understanding of the profession in this State.
Third. The omission to find upozi the plea of nul tiel record, constitutes error. Upon this plea judgment ought to have been rendered in favor of the plaintiff below.
The judgment of the circuit court will be reversed, and the cause be remanded for a new trial.'