Leon UNDERWOOD,
Plaintiff–Appellant,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, Defendant–Appellee.

Supreme Court of Tennessee,
at Jackson.

Dec. 18, 1989.

Mark P. Barnett, Hill, Boren & Strickland, P.C., Jackson, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter, Dianne Stamey, Asst. Atty. Gen., Nashville, for the State.

William L. Guy, Spragins, Barnett Guy & Cobb, Jackson, for defendant-appellee.

OPINION

HARBISON, Justice.

The employee appeals from an award of workers' compensation benefits which he contends was inadequate. The appellee has presented an issue as to the compensability of some of the claimed injuries. Both parties have raised a question concerning interest on the judgment rendered by the trial court. With the modification stated herein, we affirm the judgment of the chancellor.

Appellant Leon Underwood was injured on or about May 28, 1984, while employed by the Dyer Fruit Box Company, the insured of appellee Liberty Mutual Insurance Company. Appellant sustained a twisting or bending injury to his back and right hip while undertaking to clean or service a heavy blade contained in a lathe which he regularly operated. He was sixty-one years of age at the time of the trial in February 1989, and had been regularly employed by the same employer for over thirty-three years. He had a limited education and had performed manual labor throughout his adult life.

Appellant sustained a herniation in one of the lumbar discs and aggravated pre-existing arthritis in his right hip. He re-

mained off work for over four years, until November 1988. He attempted briefly to return to light duty at that time but was unable to perform that work after about ten days. He has not worked since that time.

The accident in this case occurred prior to July 1, 1985. Review, therefore, is under the material evidence standard. *Alley v. Consolidation Coal Co.*, 699 S.W.2d 147 (Tenn.1985). Appellant testified at the hearing and offered the testimony of a vocational expert. In addition three medical depositions were filed by the parties. There was conflicting testimony, and different inferences could have been drawn concerning the degree and extent of the injury and disability of appellant and as to whether the hip injury was or was not causally related to the industrial accident.

The trial judge concluded that appellant had sustained compensable injury· to both his back and his hip. He awarded twenty percent permanent partial disability benefits to the body as a whole in connection with the back injury and twenty percent to the left leg as a result of the hip injury. While the employee contends on appeal that the award was inadequate and the insurer questions causation of the hip injury, it is clear from a reading of the trial transcript and the depositions filed that there was material evidence to support the judgment of the trial court. Accordingly it is affirmed.

In making the award the trial judge held that the insurance carrier would be liable for any future medical expenses and related costs incurred by appellant with respect to the herniated disc. The court stated, however, that it would not award future medical expenses with regard to the appellant's arthritic hip condition, despite the fact that the court had found that condition to be compensable.

In this regard the trial court was in error. Appellant is entitled by statute to recover any reasonable and necessary medical expenses in the future which are incurred as a result of a compensable injury. T.C.A. § 50–6–204. It was premature for the trial judge to attempt to limit or deny those benefits at the time of the trial. If and when appellant makes application for any such future medical expenses, the trial judge will at that time and under the evidence then adduced have to determine whether the employer or its insurance carrier is liable therefor. To this extent the judgment of the trial court is modified.

Practically all of the benefits awarded by the trial judge had accrued at the time of the hearing. These included certain unreimbursed travel expenses incurred by the employee while undergoing medical care, and those expenses were paid directly to him. The remainder of the judgment, in the amount of $22,984, was paid directly to the Clerk and Master by the insurance carrier. These funds were tendered into court pursuant to an order of judgment entered March 14, 1989. The parties are now in dispute as to whether interest on that sum should be allowed at the rate specified in T.C.A. § 50–6–225(h).[1]

Had the employer simply tendered the funds into court unconditionally in satisfaction of the judgment, we are of the opinion that no further interest would accrue under the statute just cited. The clerks of the trial courts are expressly authorized by law to receive the amount of any judgment or decree rendered in the courts of which they are clerks, either before or after the issuance of execution thereon. T.C.A. § 18–1–108(5).

In tendering the funds into court, however, the insurance carrier did not specifically pay them in satisfaction of the judgment. The carrier expressly stated that it was attempting to limit its liability for interest on the judgment pursuant to T.C.A. § 50–6–225(h), and it moved the court to direct that the funds be held in an interest-bearing account in a federally insured financial institution pending the final deci-

---

1. This section provides that if a judgment is appealed, "interest on the judgment or decree shall be computed from the date that the judgment or decree is entered" at a specified rate. "Total judgment awarded is computed by the total number of weeks multiplied by the benefit rate without any reduction."

sion of the Supreme Court regarding the liability of the insurance carrier.

It is apparent from this tender of judgment that the insurance carrier did not contemplate payment of the funds directly to the appellant, but rather it contemplated that the funds would be held in court pending the appeal.

Only the employee originally appealed from the judgment. No formal stay pursuant to Rule 62, Tennessee Rules of Civil Procedure, was sought by either party. On appeal, however, the insurance carrier raised issues, as it was entitled to do pursuant to Rule 13, T.R.A.P., and it sought a reduction of the judgment with respect to the hip injury, contending that the evidence was insufficient to show a causal connection between that condition and the industrial accident.

It thus appears from the record that the insurance carrier intended the payment into court not as a complete satisfaction of the judgment, but as a sort of informal "stay" solely for the purpose of stopping the accrual of interest, except such interest as might accrue on the invested funds.

Judgments may be satisfied and extinguished by payment to the clerk of the court in legal tender. *See* 16 Tenn.Jur. *Judgments and Decrees,* § 66 (1984). Ordinarily, where an unconditional tender has been made to a creditor, interest no longer accrues thereon. *See* 23 Tenn.Jur. *Tender* § 4 (1984).

■ Under current Tennessee practice, the taking of an appeal generally does not, in and of itself, bring about a stay of judgment. Earlier practice was to the contrary, especially under the earlier form of appeal in the nature of a writ of error, when "perfecting" the appeal operated as an automatic supersedeas in most cases. *See* Caruthers, *History of a Lawsuit,* § 445 (8th ed. 1963).

Neither party has cited or discussed the applicability of the provisions of Rule 62, Tennessee Rules of Civil Procedure, which became effective in 1979 when the Tennessee Rules of Appellate Procedure were adopted. Under the provisions of this rule,

judgments may continue to be enforced pending an appeal unless a stay is ordered by the trial court. No formal stay was requested by either party in the present case, so that the judgment rendered by the trial court became enforceable on April 13, 1989, thirty days after its entry. Rule 62.01.

■ While the judgment was thus operative, on April 17, 1989, the insurer tendered the amount of judgment into court but requested that the funds be placed at interest. In our opinion this tender, which was accepted and acted upon by the trial court, amounted to an informal attempt to stay the judgment. It was not intended as full, unconditional satisfaction of the judgment, nor did either party so treat it.

Under the circumstances, therefore, the insurer stayed the judgment and, in our opinion, it is liable for interest accruing thereon at the rate specified in the statute, T.C.A. § 50–6–225(h) until such time as the judgment has been satisfied.

■ We find no merit in the contention of the insurance carrier that the statute is unconstitutional because it provides a different rate of interest from that ordinarily applicable to money judgments. No authority is cited in support of that proposition. Nor do we find that the statute unfairly penalizes the insurance carrier when the employee appeals. The carrier could stop interest on the judgment by paying it directly to the employee in such cases, or it could stop interest by making an unconditional tender of the funds to the Clerk in satisfaction of judgment. Where the insurance carrier obtains an order that the funds be held in court pending the appeal, however, or where it otherwise obtains a formal or informal stay of execution, then interest should accrue on the unpaid judgment until the case is disposed of in the appellate court, unless the parties agree otherwise.

The judgment of the trial court is affirmed as modified. Costs incident to the appeal will be taxed to appellee. The cause will be remanded to the trial court for collection of costs accrued there, for dis-

bursement of the funds previously paid into court and for any further proceedings which may be necessary. The insurer, of course, will be allowed a credit for such interest as has accumulated on the funds deposited pursuant to order of the chancellor.

DROWOTA, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.