WEST AMERICAN INSURANCE
CO., Plaintiff/Appellee,

v.

Willie MONTGOMERY,
Defendant/Appellant.

Supreme Court of Tennessee,
at Jackson.

Aug. 30, 1993.

Carla E. Ryan, L. Anthony Deal, P.C.,
Memphis, for defendant-appellant.

David J. Sneed, Waring Cox Law Firm,
Memphis, for plaintiff-appellee.

OPINION

O'BRIEN, Justice.

This is the second appeal of this workers' compensation case. In a judgment entered on 17 May 1990 in the Circuit Court of Shelby County, it was found that the employee, Willie Montgomery, had sustained a seventy-five percent (75%) permanent partial disability to the body as a whole incurred in the course and scope of his employment. The court ordered recovery from the Great American Insurance Company, workers' compensation carrier for White Plumbing and Mechanical Contractors, Inc., in the sum of $3,213 for temporary total disability payments in the amount of $189 per week for 17 weeks, $56,700 for 300 weeks permanent partial disability benefits, and directed payment of medical expenses to Baptist Memorial Hospital in the amount of $5,314.01 and to Dr. Edward Kaplan, in the sum of $5,594 for a total judgment of $70,821.01. The plaintiff, West American, appealed the judgment. On 23 September 1991 this Court affirmed the trial court judgment in its entirety.

On 23 October 1991 West American tendered to the circuit court clerk its draft in the amount of $63,339.01, representing payment of all accrued benefits plus accrued interest. In computing the interest due, West American did not include interest on the medical payments directed in the original judgment or interest on the remaining 89 weeks of unaccrued permanent partial disability award. Montgomery then caused an execution to issue on the security bond posted by West American in the sum of $5,191.05,

representing the balance of the interest he claimed was due on the total judgment.

At a subsequent hearing on a motion to quash execution on the bond the trial court held that West American was not liable under T.C.A. § 50–6–225(h) for interest on unpaid medical benefits and unaccrued permanent partial disability benefits. The motion to quash execution on the bond was granted. Mr. Montgomery appealed.

The issue stated by appellant is if the interest on a workers' compensation judgment, pursuant to T.C.A. § 50–6–225(h), is computed on the total judgment awarded or only on the amount of the judgment awarded for permanent partial and temporary total disability benefits which have accrued, and not amounts awarded for unaccrued permanent partial disability benefits and unpaid medical benefits.

We are of the opinion the trial court acted correctly in granting the motion to quash execution on the security bond filed by West American Insurance Company. The trial court ruled that the insurance company was not liable under T.C.A. § 50–6–225(h) for interest on unpaid medical benefits and unaccrued permanent partial disability benefits. The controlling statute, T.C.A. § 50–6–225(h) states in pertinent part:

> (h)(1) If the judgment or decree of a court is appealed pursuant to subsection (e), interest on the judgment or decree shall be computed at an annual rate of interest five percentage points above the average prime loan rate for the most recent week for which such an average rate has been published by the board of governors of the federal reserve system on the total judgment awarded by the supreme court.
>
> (2) Total judgment awarded is computed by the total number of weeks multiplied by the benefit rate without any reduction.

Since the judgment of this Court affirmed the judgment of the trial court we must look to that judgment to settle the issue raised.

■ Statutory construction requires that legislative intent be determined from the entire statute and in light of the overall purpose of the legislation. *State ex rel. Bastnagel v. City of Memphis,* 224 Tenn. 514, 457 S.W.2d 532 (1970).

Insofar as medical expenses are concerned, T.C.A. § 50–6–204 of the Workers' Compensation Law makes it clear that any medical benefits to which the employee is entitled are to be paid for to the furnishers of medical attention and treatment. The employee is not personally entitled to receive payment for those expenses except, perhaps in the case of reimbursement of payments made by him for medical expenses incurred in the course of treatment for a compensable injury. T.C.A. § 50–6–225(h)(2) provides for the computation of the award to an employee as the total number of weeks multiplied by the benefit rate without any reduction which obviously excludes medical benefits under the terms of that statute.

Regarding interest payments on unaccrued disability benefits, we are of the opinion that neither T.C.A. § 50–6–225(h) or *Underwood v. Liberty Mutual Ins. Co.,* 782 S.W.2d 175, 185 (Tenn.1989), cited by the appellant, stand for the proposition that the employee is entitled to interest on payments not yet due. T.C.A. § 50–6–225 must be considered in conjunction with other sections of the Workers' Compensation Law. Subsection (h)(2) fixes computation of the judgment by the total number of weeks multiplied by the benefit rate. T.C.A. § 50–6–102(a)(6) defines "maximum total benefit" as the sum of all weekly benefits to which a worker may be entitled. These statutory terms are synonymous. The trial court's judgment complied with these statutory provisions. Appellant was awarded the sum of $56,700 which was for the number of weeks accrued prior to judgment and also the remaining weeks for which benefits were subject to future payment. The insurance carrier paid into court the amount of the judgment for the weeks which had accrued and interest on that amount. Mr. Montgomery was entitled to no more. In *Underwood,* supra, the insurance carrier for an employer endeavored to stay the judgment of the trial court by paying the amount of the judgment into the clerk and master, attempting to limit its liability for the interest on the judgment assessed under the statute. In discussing the issue this Court

expressed the opinion that [the carrier] is liable for interest accruing [on the judgment] at the rate specified in the statute ... until such time as the judgment has been satisfied. This is what occurred in this case. The insurance carrier paid all of the accrued benefits according to the court's judgment, plus interest on that amount, with the further obligation, by court order, to pay the additional number of weekly benefits as they became due.

 T.C.A. § 47–14–122 provides that interest shall be computed on every judgment from the day in which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial. This does not mean that the party securing the judgment may have interest on the entire judgment unless he is entitled to have the use of the proceeds of the judgment from and after the date the judgment was entered. *Price v. Price*, 225 Tenn. 539, 472 S.W.2d 732 (1971).

Judgments in worker's compensation cases are frequently termed awards in the Act and such awards lack the finality ordinarily characteristic of judgments, being subject to review and modification, and even of complete suspension of further liability on a proper showing. *Rhea v. Park*, 211 Tenn. 589, 366 S.W.2d 765, 768 (1963). T.C.A. § 50–6–116 provides in pertinent part that the Workers' Compensation Law is a remedial statute which should be given an equitable construction by the courts to the end that the objects and purposes of the chapter may be realized and attained. Applying this principle we are of the opinion that the rule stated in *Price*, supra, is applicable in this case. Where an employee in a workers' compensation case is awarded a money judgment against the employer or his insurance carrier and any part of the judgment is payable in future installments the judgment recipient is not entitled to interest on that part of the award represented by installment payments until the date the first installment is due. If the installments are not paid in full when due the employee is entitled to interest on that amount at the rate set forth in T.C.A. § 50–6–225(h). Anything else would not be in consonance with the purpose and intent of the Workers Compensation Act and would result in unjust enrichment to the employee.

The judgment of the trial court is affirmed. Costs of this appeal are taxed against the appellant.

REID, C.J., and DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.