IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

**FILED**

**May 28, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JAMES STAGGS, Successor and Representative of Mary Staggs, Deceased, | ) ) ) ) | **FOR PUBLICATION** |
| | ) | **Filed:  May 28, 1996** |
| Plaintiff/Appellant, | ) ) | LAWRENCE CIRCUIT |
| v. | ) ) | |
| | ) | Hon. JIM T. HAMILTON, |
| NATIONAL HEALTH CORPORATION, | ) ) | JUDGE |
| | ) | |
| Defendant/Appellee. | ) | No.  01S01-9408-CV-00090 |

**For Appellant:**

Ben Boston
Christopher V. Sockwell
Boston, Bates & Holt
Lawrenceburg, Tennessee

**For Appellee:**

Paul B. Plant
J. Jay Cheatwood
Harwell, Plant & Cheatwood
Lawrenceburg, Tennessee

# O P I N I O N

TRIAL COURT REVERSED.                    ANDERSON, C.J.

We review the conclusions of law of the Special Workers' Compensation Appeals Panel to determine whether an employee is entitled to collect post-judgment interest on an award of discretionary costs or on medical expenses an employer is ordered to repay to a third-party health insurance carrier.

The trial court decided that under the general statutes regarding interest on judgments, Tenn. Code Ann. §§ 47-14-121 and -122, an employee is entitled to collect post-judgment interest on both the reimbursed medical expenses and the award of discretionary costs. The Appeals Panel, however, concluded that the employee is not entitled to post-judgment interest on either the reimbursed medical expenses or the award of discretionary costs.

For the reasons articulated below, we find that the conclusions of the Special Workers' Compensation Appeals Panel are correct, and the trial court is therefore, reversed.

## BACKGROUND

On December 19, 1990, Mary Staggs injured her back in the course of her employment with the defendant, National Health Corporation, and thereafter filed a complaint seeking workers' compensation benefits. At trial, the court awarded Staggs[1] permanent partial disability benefits and temporary total benefits. The trial court also ordered National Health to reimburse Staggs for medical expenses she had paid from her personal funds and to reimburse Metropolitan Life Insurance Company, Staggs' husband's health insurance company, for all

---

[1] Mary Staggs died on January 29, 1993, while the first appeal of this case was pending in this Court; she was survived by her husband and two minor children. Her husband, James Staggs, was substituted as successor and representative of Mary Staggs by order of this Court entered on May 25, 1993.

medical expenses paid by them. Litigation expenses were also awarded as discretionary costs. The trial court decision was appealed, affirmed by this Court, and remanded.

Following remand, National Health tendered the amounts due under the trial court order. Staggs accepted payment under protest and moved the court to require National Health to pay interest on the sums due. The trial court ordered that post-judgment interest be paid on the temporary total and permanent partial disability benefits as prescribed by the Workers' Compensation Act. In addition, relying on the general statutes regarding interest on judgments, Tenn. Code Ann. §§ 47-14-121 and -122, the court ordered that post-judgment interest be paid by National Health to Staggs at the rate of 10 percent per year on the amount awarded for discretionary costs ($1,466.33); on the amount reimbursed to Metropolitan Life for medical expenses ($11,252.30); and on the sum Staggs personally paid for medical expenses ($1,048.00).

On appeal, National Health conceded that Staggs was entitled to post-judgment interest on the medical expenses paid from her own funds, but questioned the trial court's decision allowing post-judgment interest on the award of discretionary costs and the reimbursement of medical expenses to Metropolitan Life Insurance Company.

The Special Workers' Compensation Appeals Panel concluded that Staggs was not entitled to post-judgment interest on either the medical expenses reimbursed to Metropolitan Life or the award of discretionary costs. Thereafter, we granted Staggs' motion for full court review and now review the conclusions of law of the Appeals Panel de novo. See Tenn. Code Ann. § 50-6-225(e)(2) (1991 & Supp. 1995).

## INTEREST ON MEDICAL EXPENSES

Relying on Tenn.Code Ann. §§ 47-14-121 and -122, Staggs argues that the Appeals Panel erred in concluding that an employee is not entitled to collect post-judgment interest on medical expenses which the employer is ordered to repay to a third-party insurer.

Staggs contends that the trial court's judgment, ordering National Health to repay medical expenses to Metropolitan Life, is a money judgment and, therefore, is subject to the general post-judgment interest statutes. Staggs also argues that the Panel's disallowance of interest on reimbursed medical bills encourages employers to delay payments, and results in "an unjust enrichment that rewards the party at fault without reimbursing the innocent party for the use of his or her funds."

National Health responds that the Panel's decision is correct - that an employee is not entitled to collect post-judgment interest on any amount for medical expenses which are paid by a third-party insurance carrier on behalf of the employee and later reimbursed by an employer. National Health relies upon West American Insurance Co. v. Montgomery, 861 S.W.2d 230 (Tenn. 1993)

Staggs, however, argues that Montgomery is inapposite because this case is governed by Tenn. Code Ann. §§ 47-14-121 and 122, the general post-judgment interest statutes. We disagree.

In Montgomery, we held that an employee is not entitled to collect post-judgment interest on unaccrued workers' compensation benefits. We stated that allowing interest on unaccrued benefits "would not be in consonance with the

purpose and intent of the Workers Compensation Act and would result in unjust enrichment to the employee." Montgomery, 861 S.W.2d at 232. Accordingly, Montgomery stands for the proposition that an employee may not collect interest unless and until the employee becomes entitled to receive the money on which interest is sought to be imposed. Applying that principle to the facts in this case, it is clear that Staggs claim for entitlement to post-judgment interest on the money reimbursed to Metropolitan Life must fail.

As we observed in Montgomery, an employee is not entitled to personally receive payment for medical expenses unless he or she has personally paid the medical expenses and is due reimbursement. Instead, employers must pay the providers of medical care directly for incurred medical expenses. See Tenn. Code Ann. § 50-6-204. Here, Staggs was never entitled to receive the money on which she now seeks to collect post-judgment interest. National Health owed that money to Metropolitan Life directly as reimbursement for the medical bills it had paid. Accordingly, under the rationale articulated in Montgomery, Staggs is not entitled to collect post-judgment interest on the reimbursed medical expenses.

Although the holding in Montgomery was based specifically upon the interest provision of the workers' compensation statute, Tenn. Code Ann. § 50-6-225(h), we also discussed the general statutes relating to post-judgment interest, noting that while they provide for interest on every judgment "from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial,"[2] they do not "mean that the party securing the

---

[2] Tenn. Code Ann. § 47-14-121 provides:

"Interest on judgments, including decrees, shall be computed at the effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute; provided, that

-5-

judgment may have interest on the entire judgment <u>unless he is entitled to have</u> <u>the use of the proceeds of the judgment from and after the date the judgment</u> <u>was entered.</u>" <u>Id</u>. (emphasis added). Thus, in <u>Montgomery</u> we recognized that the Legislature did not intend for a party to litigation to be unjustly enriched through the payment of post-judgment interest. <u>See</u> <u>also</u> <u>Price v. Price</u>, 225 Tenn. 539, 472 S.W.2d 732 (1971)(interest accrued as of date party entitled to money judgment).

In this case, Staggs was never entitled to have the use of that portion of the judgment reflecting the medical bills paid by Metropolitan Life on her behalf. The trial court merely found that the defendant "is liable for all medical bills incident to [the] injury which have been paid by [Metropolitan Life]. " Staggs never used her own money to pay for these medical services, and therefore, an award of interest would amount to unjust enrichment. Accordingly, we reverse the trial court judgment and hold that neither Tenn. Code Ann. § 50-6-225(h) nor Tenn. Code Ann. §§ 47-14-121 and -122 authorize the payment of post-judgment interest to an employee on medical expenses initially paid by a third-party health insurance carrier and reimbursed to that carrier by the employer.

---

where a judgment is based on a note, contract, or other writing fixing a rate of interest within the limits provided in §47-14-103 **for that particular category of transaction, the judgment shall bear interest at the rate so fixed."**

**Tenn Code Ann. § 47-14-122 provides:**

**"Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial."**

## INTEREST ON AWARD FOR DISCRETIONARY COSTS

We next consider whether a litigant is entitled to collect post-judgment interest on an award of discretionary costs. In this case, the trial court ordered the defendant to pay interest in the amount of 10 percent per year on the award of discretionary costs. The Appeals Panel, however, concluded that "[t]he discretionary costs were an award, and not a judgment within the purview of Tenn. Code Ann. § 47-14-122."[3]

Arguing that the Appeals Panel's conclusion is correct, National Health relies upon Gatewood v. Palmer, 29 Tenn. 466 (1850). In that case, this Court interpreted a predecessor interest statute which provided that "all judgments entered up in any of the courts of record in this State, or by any justices of the peace, shall bear interest until paid," and concluded that it did not authorize the collection of interest on a judgment for court costs. Id. at 469; see 1835 Tenn. Pub. Acts, ch. 50, § 2; see also Green-Rea Co. v. Holman, 107 Tenn. 544, 546, 64 S.W. 889 (1901).

Staggs argues that Gatewood is distinguishable because it involved court costs, not discretionary costs, and because the decision in Gatewood was rendered long before the Rules of Civil Procedure were promulgated. Staggs contends that since she did not receive reimbursement of the litigation expenses for two years, she is entitled to post-judgment interest.

We disagree. In our view, there is no distinction between an award of court costs and an award of discretionary costs when determining whether post-judgment interest should be payable. We, therefore, apply and reaffirm the

---

[3] See note 2, supra.

<u>Gatewood</u> rule that an *award* of discretionary costs is not a "judgment" on which post-judgment interest is due under Tenn. Code Ann. §§ 47-14-121 and -122. The trial court judgment is, therefore, reversed.

## CONCLUSION

For the reasons discussed above, we conclude that Staggs is not entitled to collect post-judgment interest on either the medical expenses which National Health must repay to Metropolitan Life or on the award of discretionary costs. Accordingly, the judgment of the trial court is reversed. Costs on appeal are taxed to the plaintiff, James Staggs.

_____

_____RILEY ANDERSON, Chief Justice

**CONCUR:**

Drowota, Reid, and White, JJ.

Birch, J., not participating