IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## GARY WAYNE WILLIAMS V. JUDITH MARIE WILLIAMS

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 99-DR-1173     Hon. Samuel H. Payne, Circuit Judge**

_____

**No. E1999-02750-COA-R3-CV - Decided June 23, 2000**

_____

Judgment was entered to be paid at a future date.  Judgment holder sought in a later action an award of interest on the judgment which the Trial Court denied.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

FRANKS, J., delivered the opinion of the court, in which SUSANO, J., and SWINEY, J., joined.

Michael E. Richardson, Poole, Thornbury, Morgan & Richardson, Chattanooga, for Appellant.

Traci Owen Vella, Chattanooga, for Appellee.

**OPINION**

The genesis of this action was a divorce decree entered on April 15, 1991, and the father appeals from the Trial Judge's denial of his Petition filed in August 1999, to award post-judgment interest on an equity judgment entered in the divorce decree.

In the Final Judgment of Divorce the wife was awarded the marital residence, but a lien was impressed for the husband in the amount of $21,200.00 on the property.  The home was to be sold no later than the youngest child's eighteenth birthday and then the lien would be satisfied from the proceeds of the sale of the residence.

Husband argues that he should have been awarded post-judgment interest on the $21,200.00 judgment from the time of the 1991 decree pursuant to Tenn. Code Ann. §47-14-121 and

Tenn. Code Ann. §47-14-122.  These statutes read as follows:

> § 47-14-121. Interest on judgments and decrees
> Interest on judgments, including decrees, shall be computed at the effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute;  provided, that where a judgment is based on a note, contract, or other writing fixing a rate of interest within the limits provided in § 47-14-103 for that particular category of transaction, the judgment shall bear interest at the rate so fixed.
>
> § 47-14-122. Interest on judgments and decrees; time from calculation
> Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial.

Husband also cites the case of *Inman v. Inman*, 840 S.W.2d 927, 932 (Tenn. Ct. App. 1992), wherein the Court stated that the right to post-judgment interest was statutory and "the failure of any court to expressly provide such interest in its judgment does not abrogate the statute." *Inman* is distinguishable from the instant case, because in *Inman* the wife had been awarded a judgment of $100,000.00 cash, which the husband withheld paying until the appeal was heard. *Id.*  In this case, husband was awarded a lien of $21,200.00 against the marital residence, which expressly did not have to be satisfied until the youngest child turns eighteen, and husband is not entitled to collect the judgment until that time.

This issue has been addressed numerous times both by this Court and by the Supreme Court, and the rule is that the statutory interest does not begin to accrue until the party awarded judgment becomes entitled to the money.  In *Price v. Price*, 472 S.W.2d 732 (Tenn. 1971), the Supreme Court addressed a request for post-judgment interest on a divorce judgment which awarded the wife alimony in solido payable in installments.  The Court held that since the wife did not become entitled to use of the money until each installment was due, she would not be entitled to interest.  *Id.*  The Court quoted with approval from Gibson's Suits in Chancery (4th Ed.) §564, as follows:

> Hence, it is safe to say, that in all such cases interest should be allowed from the day the complainant had a right to the money he sues for.

*Id.* at 734.  This rule has been followed repeatedly.  *See West American Ins. Co. v. Montgomery*, 861 S.W.2d 230 (Tenn. 1993); *Staggs v. National Health Corp.*, 924 S.W.2d 79 (Tenn. 1996); *Whiteside v. Whiteside*, 1998 WL 237715 (Tenn. Ct. App. May 7, 1998) and *Pertew v. Pertew*, 1999 WL 486917 (Tenn. Ct. App. July 13, 1999).

In this case, husband is not entitled to use of the money until the house is sold, and to hold otherwise would be inequitable, as the father would be unjustly enriched at the mother's

expense. The father's issue regarding post-judgment interest is without merit.

The wife appeals the failure of the Trial Judge to award her attorney's fees in procuring additional child support pursuant to Tenn. Code Ann. §36-5-103(c). The mother's petition in the Trial Court asked for attorney's fees, but the judgment does not award fees. No transcript of evidence was filed, and we must conclusively presume there was no abuse of discretion by the Trial Judge in not awarding attorney's fees. The wife also requests an award of her attorney's fees on appeal. We conclude from the record, that the wife is entitled to her costs and expenses incurred in defending this appeal, pursuant to §27-1-122. It appears that the father's appeal is frivolous and/or was taken for delay. Accordingly, upon remand, the Trial Court will set reasonable attorney's fees and costs in defending this appeal for the mother, pursuant to the statute.

The cost of the appeal is assessed to appellant.