**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,**

v.

**Natalie HURLEY.**

Supreme Court of Tennessee,
Special Workers' Compensation Appeals Panel, at Jackson.

Aug. 31, 2000.

James E. Conley, Jr., Memphis, Tennessee, for the appellant, State Automobile Mutual Insurance Company.

R. Sadler Bailey, Memphis, Tennessee, for the appellee, Natalie A. Hurley.

**MEMORANDUM OPINION**

W. MICHAEL MALOAN, Sp. J., delivered the opinion of the court, in which JANICE M. HOLDER, J., and HENRY D. BELL, Sp. J., joined.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. The plaintiff, State Automobile Mutual Insurance Company (State Auto), appeals the judgment of the Circuit Court of Shelby County which ordered State Auto to pay to the defendant, Natalie Hurley (Hurley), $28,873.91 being the total of her medical bills. For the reasons stated in the opinion, we find the trial court erred and reverse the judgment of the trial court.

The relevant facts are not in dispute. State Auto filed suit to determine to what, if any, workers' compensation benefits Hurley would be entitled as a result of a July 24, 1998, automobile accident. State Auto denied Hurley's claim and did not pay any benefits. Hurley filed a counterclaim for benefits. At trial, the parties stipulated that Hurley's medical bills of $28,873.91 were reasonable and necessary. Hurley individually paid a portion of her medical bills. The balance of $26,141.19 was submitted by her health care providers to her health insurance carrier, which paid $8,174.88 in full settlement of the total billed. On May 10, 1999, the trial court found Hurley's injury to be compensable and awarded permanent partial disability benefits of forty percent (40%) to the right arm. The trial court granted Hurley's post-trial motion and ordered State Auto to pay to Hurley $28,873.91, the total of her medical bills. State Auto appeals only that part of the trial court's order requiring it to pay Hurley the total of her medical bills and allowing Hurley to retain the difference between the amount the health care providers billed and the amount they

accepted from her health insurance carrier. Hurley filed a motion for this panel to find this appeal to be frivolous and to award her damages.

## ANALYSIS

█ The scope of review of issues of fact is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2), *Lollar v. Wal–Mart Stores, Inc.*, 767 S.W.2d 143 (Tenn.1989). Questions of law are reviewed *de novo* with no presumption of correctness. *Cunningham v. Shelton Sec. Services, Inc.*, 958 S.W.2d 338, 340 (Tenn. 1997). The sole issue presented for review is whether the trial court erred in ordering the employer to pay medical expenses directly to the employee rather than the health care providers.

On appeal, State Auto relies on Tenn. Code Ann. § 50–6–204(a)(1) to support its argument that the trial court lacked authority to order it to pay medical expenses to Hurley. Hurley submits the following arguments to support the trial court's order: 1) that State Auto is liable for the entire amount of Hurley's medical bills because State Auto stipulated Hurley's medical expenses were reasonable and necessary; ; 2) allowing State Auto to pay only the discounted medical bills would violate Tenn.Code Ann. § 50–6–114; 3) State Auto's position is against public policy; and 4) the collateral source rule should be applied in workers' compensation cases.

### Effect of Stipulation of Medical Bills As Reasonable and Necessary

Ordinarily, in a workers' compensation case in which compensability is accepted, the employer pays the injured employee's medical bills directly to the approved health care provider and the employee is reimbursed for any out-of-pocket medical expenses he or she may have paid. When a claim is denied, the employee may obtain medical care at his or her own expense

through a group or individual health care plan or from a government health care. If the claim is found to be compensable, the employer becomes liable for the employee's medical expenses. In the present case, Hurley's health insurance carrier paid $8,174.80 of a total of $26,141.19 in medical bills submitted for her care. The question is who has the legal obligation to reimburse Hurley's health insurance carrier and to receive the corresponding benefit of the discounted medical bills?

State Auto stipulated at trial that Hurley's medical expenses were reasonable and necessary; that State Auto is legally responsible for and will pay all medical expenses; and that State Auto will reimburse Hurley's health insurance carrier and Hurley for any medical expenses she has paid related to her injury. Hurley insists Tenn.Code Ann. § 50–6–204(a)(1) obligates State Auto to pay all her reasonable and necessary medical expenses and, since State Auto stipulated her medical expenses of $28,873.91 were reasonable and necessary, it is liable for that amount. Hurley further states that State Auto had the opportunity to provide medical services and refused to do so, and, therefore, the total medical expenses should be paid to her to be disbursed, less her attorney's fees.

In ordering State Auto to pay the total medical expenses to Hurley, the trial court relied on the following language in *Bazner v. American States Insurance Co.*, 820 S.W.2d 742, 747 (Tenn.1991):

> We first observe that defendant is not entitled to a set-off against its liability for medical expenses. These expenses are an obligation on its part according to the statute. *Bazner*, 820 S.W.2d, at 747.

The panel agrees this is a correct statement of the law. This statement, however, has no application to the present case. *Bazner* disallowed to the employer a set-off for money received by the employee in a companion federal tort suit. Nothing in *Bazner* required the employer to pay med-

ical expenses directly to the employee. Thus, reliance on *Bazner* is misplaced.

We find this issue is controlled by the language of Tenn.Code Ann. § 50–6–204(a)(1) and by the Tennessee Supreme Court decision of *Staggs v. National Health Corp.*, 924 S.W.2d 79, 81 (Tenn. 1996). Tenn.Code Ann. § 50–6–204(a)(1) provides in part:

> The employer or employer's agent shall furnish free of charge to the employee such medical and surgical treatment, medicine, medical and surgical supplies, ... made reasonably necessary by accident, ... as may be reasonably required; ....

In *Staggs*, 924 S.W.2d at 81, the Supreme Court held as follows:

> An employee is not entitled to personally receive payment for medical expenses unless he or she personally paid the medical expenses and is due reimbursement. Instead, employers must pay the providers of medical care directly for incurred medical expense.

■ We, therefore, find Tenn.Code Ann. § 50–6–204(a)(1) requires the employer to furnish free of charge to the employee reasonable and necessary medical treatment. The statute does not require the employer to pay the cost of medical treatment to the *employee*, unless the employee has personally incurred medical expenses. To require State Auto to pay the total medical expenses to Hurley to reimburse health care providers and to allow Hurley to retain the difference between the amount billed and that accepted by the provider is contrary to the statute and *Staggs*.

### Payment of Discounted Medical Bill as Violation of Tenn.Code Ann. § 50–6–114

Hurley submits that allowing State Auto to be responsible only for payment of the discounted medical bills would allow State Auto to avoid its legal obligations under Tenn.Code Ann. § 50–6–204(a)(1) and would violate Tenn.Code Ann. § 50–6–114, which states, in part:

**50–6–114. Supremacy of chapter—Set-offs for payments by disability plan.—**

> (a) No contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this chapter except as herein provided.

■ Hurley's interpretation of Tenn. Code Ann. § 50–6–114 would require State Auto to pay the total of her medical expenses without the benefit of any discount. State Auto cites Tenn.Code Ann. § 50–6–122(a)(2), which encourages employers to control medical costs by entering into contracts for reduced medical costs with health management organizations (HMO) and preferred provider organizations (PPO). To accept Hurley's argument would give the employee and not the employer the benefit of reduced medical expenses, a result clearly in conflict with Tenn.Code Ann. § 50–6–122(a)(2). As we have already stated, Tenn.Code Ann. § 50–6–204(a)(1) requires State Auto to provide medical care free of charge, not to pay to Hurley the total costs of her medical care. We decline to hold that State Auto is attempting to avoid its obligations under Tenn.Code.Ann. § 50–6–204(a)(1) to provide medical treatment to Hurley. This argument is without merit.

### Public Policy

■ Hurley submits that allowing State Auto to pay only the cost of discounted medical care provided by her health insurance carrier would create a judicially authorized incentive for employers to deny claims in anticipation of receiving the benefit of a reduced charge from a health care provider. Hurley points out that either she or State Auto will receive the benefit of the discounted medical bills and that it should be she rather than State Auto, who denied a compensable claim. Were we to agree with Hurley's position, the result would be, in effect, to create a bad faith

penalty. This panel notes the legislature has provided a bad faith penalty in Tenn. Code Ann. § 50–6–128 for wrongfully denying medical treatment. This panel is not at liberty to judicially create another bad faith penalty. This argument is without merit.

## Collateral Source Rule

■ The trial court and Hurley suggest this case is analogous to the collateral source rule in tort cases. That rule permits a plaintiff to recover the total of medical expenses as an element of damages against the defendant without consideration of whether the medical expenses were paid by insurance or not. *Steele v. Ft. Sanders Anesthesia Group, P.C.*, 897 S.W.2d 270 (Tenn.Ct.App.1994). We agree the trial court's order requiring State Auto to pay medical expenses to Hurley is analogous to the collateral source rule, but we cannot find any authority in this state for the adoption of the collateral source rule in workers' compensation cases. To do so would overlook the inherent differences between a tort claim for personal injury and a claim for workers' compensation benefits. We believe the collateral source rule would conflict with Tenn.Code Ann. § 50–6–204(a)(1) and would require legislative action to implement. "In the event the defendant believes an inequity exists in the current statutory scheme, it is a matter for the legislature to consider and not this panel." *Advo, Inc. v. Phillips,* 989 S.W.2d 693, 696 (Tenn.1998).

## CONCLUSION

Tennessee's workers' compensation law provides to injured workers medical, disability, and death benefits, each of which is defined by statute. If the trial court were authorized to order the employer to pay medical expenses directly to the employee and to allow the employee to retain the difference between the amount billed and the amount accepted by the health care provider, the result would provide an additional benefit to the employee not authorized by statute.

This panel is mindful that Tenn.Code Ann. § 50–6–116 directs the law "be given an equitable construction by the courts" and of the numerous decisions that direct the courts to construe the workers' compensation law liberally and to resolve any doubt in favor of the employee. *Ingram v. State Industries, Inc.,* 943 S.W.2d 381 (Tenn.Sp.Workers Comp.1995). However, we find to affirm the trial court's order would be to ignore Tenn.Code Ann. § 50–6–204(a)(1) and *Staggs v. National Health Corp.,* 924 S.W.2d 79 (Tenn.1996).

The judgment of the trial court which ordered the plaintiff, State Auto, to pay medical expenses directly to the defendant, Natalie Hurley, is reversed. The panel overrules defendant's motion for frivolous appeal. The defendant, Natalie Hurley, is taxed with the costs of this appeal.