IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 24, 2017 Session

**KRISTINA ABOLINS, ET AL. v. FRANK SANTAS, ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 15-1315-II     William E. Young, Chancellor**

_____

**No. M2017-00357-COA-R3-CV**
_____

W. NEAL MCBRAYER, J., concurring in part and dissenting in part.

I concur in the majority's holding that the trial court was within its discretion to place a condition on the grant of the motion to set aside the default judgment. I also concur in the conclusion that the attorney's fees and expenses assessed by the trial court were reasonable. But I respectfully dissent from the grant of an additional thirty days for Frank Santa and Alta Horizon, Inc. ("Defendants') to comply with the trial court's January 10, 2017 order. Although the conduct of counsel[1] might justify such relief, in my view, this Court lacks that authority.

As noted by the majority, the Chancery Court for Davidson County entered two orders on Defendants' motion to set aside default judgment: an order entered on January 10, 2017, and an order entered on March 8, 2017. The January 10 order granted the Defendants' motion. Specifically, the order provided that the default judgment would be set aside if Defendants paid "the attorney's fees and expenses incurred by the Plaintiffs, Kristina Abolins and Heath Hawkins ("Plaintiffs"), in filing the motion for default judgment, pursuing collection of that judgment and responding to the motion to set aside the default judgment" within thirty days. The order went on to provide that, "[i]f these fees and expenses are not paid by the date required by this Order, then the Plaintiff will file written notice of non-payment with this Court and the default judgment will remain in effect."

Defendant failed to pay the attorney's fees and expenses, so Plaintiffs filed a notice of that fact with the trial court. Then, the trial court entered its March 8 order. The March 8 order provided that "Defendants' Motion to Set Aside the Default Judgment

_____

[1] This case leads me to wonder whether counsel for the parties have reviewed Local Rule 5.04 of the Rules of the Circuit, Chancery, Criminal, and Probate Court for the Twentieth Judicial District, which includes the "Lawyer's Creed of Professionalism."

shall be denied for want of compliance."

Defendants filed a notice of appeal within thirty days of the entry of each order. But appeals as of right only lie from final judgments. Tenn. R. App. P. 3(a). The Tennessee Rules of Appellate Procedure define "final judgment" by exclusion. A final judgment is not an "order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." *Id.* Orders that resolve fewer than all claims or the rights and liabilities of fewer than all the parties are "subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." *Id.* Our supreme court has described a final judgment as a judgment "that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009).

Here, the January 10 order by its terms did not resolve all of the parties' claims and was subject to revision at a later date. The January 10 order was therefore a conditional, non-final, order. *See* 4 C.J.S. *Appeal and Error* § 144, Westlaw (database updated Sept. 2017) ("In general, a conditional judgment, order, or decree, the finality of which depends on certain contingencies which may or may not occur, is not final for the purpose of appeal."); *Sullivan Cty. v. Lyon*, No. E2003-01107-COA-R3-CV, 2004 WL 1669718, at \*1 (Tenn. Ct. App. July 27, 2004) ("Any conditional Order that reserves any substantive matter for hearing at a later date is not final."). The March 8 order, on the other hand, was a final, appealable judgment because it resolved all claims and left nothing for the trial court to adjudicate.

The January 10 order was not stayed by the filing of the first notice of appeal, and as noted above, Defendants did not pay the amount necessary to set aside the default judgment. *See Underwood v. Liberty Mut. Ins. Co.*, 782 S.W.2d 175, 177 (Tenn. 1989) ("Under current Tennessee practice, the taking of an appeal generally does not, in and of itself, bring about a stay of judgment. . . . [J]udgments may continue to be enforced pending an appeal unless a stay is ordered by the trial court."). Absent a reversal of the trial court's decision, the March 8 order remains in place, and Plaintiffs have a valid default judgment against Defendants.

As this Court must "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires," *see* Tenn. R. App. P. 36(a), in my view, we cannot grant Defendants more time to pay the attorney's fees and expenses awarded in the January 10 order. Thus, I dissent from the majority opinion only to the extent it grants Defendants "30 days from the entry of this Opinion and our Judgment in which to pay, if they choose, $9,935.93 and thus satisfy the Trial Court's condition to set aside the default judgment."

_____
W. NEAL MCBRAYER, JUDGE