ADVO, INC. and Insurance Company of North America, Plaintiffs/Appellants,

v.

Denise PHILLIPS, Defendant/Appellee.

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel,
at Jackson.

Aug. 4, 1998.

Leland M. McNabb, McNabb, Holley & Waldrop, Memphis, TN, for the appellant.

Marvin A. Bienvenu, Jr., Gatti, Keltner, Bienvenu & Montesi, Memphis, TN, for the appellee.

## MEMORANDUM OPINION

### MEMBERS OF PANEL

Justice JANICE M. HOLDER, Senior Justice JOHN K.BYERS, and Special Judge J. STEVEN STAFFORD.

STAFFORD, Special Judge.

### OPINION

This worker's compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. § 50-6-225(e) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

Review of the findings of fact made by the trial court is *de novo* upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(e)(2); *Stone v. City of McMinnville*, 896 S.W.2d 548, 550 (Tenn. 1995). The application of this standard requires this Court to weigh in more depth the factual findings and conclusions of the trial court in a worker's compensation case. *See Corcoran v. Foster Auto GMC, Inc.*, 746 S.W.2d 452, 456 (Tenn.1988). However, considerable deference must be given to the trial judge, who has seen and heard witnesses

especially where issues of credibility and weight of oral testimony are involved. *Jones v. Hartford Accident and Indemnity Company,* 811 S.W.2d 516 (Tenn.1991).

## ISSUES

The issues presented for this Panel's review are:

1. Is the defendant's rotator cuff injury an injury to a scheduled member or to the body as a whole?
2. Does the defendant have the option to treat her injury as an injury to a scheduled member or an injury to the body as a whole?

For the following reasons, we find that the defendant's rotator cuff injury is an injury to the whole body. We further find that the defendant does not possess the right to select whether her injury is to be treated as an injury to the whole body or to a scheduled member.

## FACTS

The facts surrounding the defendant's injury and its compensability are not disputed. The defendant is a 42 year old woman. She attended the twelfth grade but did not graduate from high school. She has not obtained her GED nor has she received any additional vocational training.

On March 10, 1995, the defendant tripped and fell at work hitting her left side and her left shoulder. She experienced pain in her shoulder as a result of the fall.

On March 14, 1995, she was seen by Dr. Riley Jones, a board certified orthopedic surgeon. Dr. Jones diagnosed the defendant with myofascial pain, started her treatment program with anti-inflammatories, changed her duty status to sedentary and placed her in therapy. Upon further examination, Dr. Jones ordered the defendant to undergo an MRI which revealed a tear of the supraspinatus which is a tendon located at the top of the rotator cuff.

## MEDICAL EVIDENCE

As the result of the injury, Dr. Jones performed an arthroscopy neer acromioplasty on the defendant. In this procedure, the underside of the acromion is removed. The purpose of this procedure is to increase the space between the bone and the rotator cuff thereby allowing the muscles more free-

dom and eliminating any impingement. Dr. Jones also trimmed the end of the clavicle.

After the surgery, Dr. Jones was required to manipulate the defendant's shoulder. In this procedure, the defendant was put to sleep and movement was forced on her shoulder in order to break up the scar tissue. This procedure was necessary because the defendant had a low threshold of pain.

Dr. Jones testified that the defendant suffered a 10% permanent partial disability to the upper extremity as a result of the injury. This equates to a rating of 6% to the body as a whole. He stated that the AMA Guidelines rate this injury to the upper extremity due to the lack of flexion extension and the relative value of the functional unit to the upper extremity. Dr. Jones also testified that the bone that he operated on is at the point of connection between the shoulder blade and clavicle or collar bone.

The defendant was returned to her regular duty on June 8, 1995.

The defendant testified that she is still employed by the plaintiff and is earning the same amount of money that she earned before the injury. Prior to the injury, she was employed as a crew leader. She is unable to perform that job and is now employed as a quality clerk. She stated that she is right handed and that she experiences pain every day as a result of the injury.

The defendant testified she is unable to use her left arm to lift anything and that she has lost approximately 75% of the strength in her left arm. The defendant formerly enjoyed playing softball and volleyball but is unable to play either sport now. She is also unable to hang curtains, wring out a mop, or pick up her grandchild. She testified she was unable to do any job that requires her to lift above her waist.

This case was heard by the trial court on May 7, 1997. On May 8, 1997, the court entered a written judgment. The court stated in its judgment that the only issue for its determination was whether the injury suffered by the defendant was confined to a scheduled member or whether it should be

attributed to the body as a whole. The court found from the facts presented that the injury extended beyond the defendant's arm and awarded the defendant a judgment for 15% permanent partial disability to the whole body.

On May 9, 1997, the court filed a written "Amendment to Judgment ." In this order, the court stated that:

"Since the purpose of the Act is to be viewed with an eye toward protection of the worker, it is the opinion of the court that the worker should have the option of selecting whether or not he or she wishes to be compensated on the basis of loss of a scheduled member or to the body as a whole."

The Court then modified its judgment to award the defendant benefits of 40% permanent partial disability to the left arm.

### ANALYSIS

█ Dr. Jones testified that the defendant suffered an injury to the rotator cuff. The bone that he operated on is at the point of connection between the shoulder blade and the clavicle or the collar bone. When describing the injury and the procedure he employed to repair the injury, he continually referred to the shoulder, acromion, supraspinatus, collar bone, and shoulder blade. In discussing the extent of the disability suffered by the defendant, Dr. Jones testified that she had suffered a 10% permanent partial disability to the upper extremity. He then translated the rating to a 6% permanent partial disability to the body as a whole. When questioned about why he gave a rating to the upper extremity he stated that:

"Well, according to the A.M.A. Guides, and I'm looking at it, all of these ratings are to the upper extremity. I will give you Figure 38, Page 43. Upper extremity impairments due to lack of flexion, extension shoulder. Relative value of this functional unit is to the upper extremity."

T.C.A. § 50–6–207 provides the schedule of compensation under the Tennessee Workers' Compensation Act. The statute specifically lists various scheduled members. When the injury suffered is to something other than a scheduled member, the statute provides that:

"All other cases of permanent partial disability not above enumerated shall be apportioned to the body as a whole, which shall have a value of four hundred (400) weeks, and there shall be paid compensation to the injured employee for the proportionate loss of use of the body as a whole resulting from the injury."

In *Wells v. Sentry Insurance Company*, 834 S.W.2d 935, 937 (Tenn.1992), the Supreme Court defined an upper extremity as:

"... the upper extremity is a unit of the whole man. It may be divided into four sections: the hand, the wrist, the elbow, and the shoulder. Moreover, an 'upper extremity' is not a scheduled member. This extremity necessarily includes the fingers, the thumb, the hand, and the arm— all scheduled members, irrespective of their being included in the term 'extremity' or 'upper extremity.' " (Citations omitted.) See also *Chapman v. Clement Brothers, Inc.*, 222 Tenn. 223, 435 S.W.2d 117 (1968)

Further, the Supreme Court has held that a shoulder is not a scheduled member. *Continental Insurance Companies v. Pruitt*, 541 S.W.2d 594 (Tenn.1976).

In *Wade v. Aetna Casualty and Surety Company*, 735 S.W.2d 215, 217 (Tenn.1987), the Supreme Court discussed the difference between injuries to a scheduled member and injuries to the body as a whole and stated that:

"In T.C.A. § 50–6–207(3), which provides for awards of permanent partial disability, the legislature has specifically designated rates of recovery for permanent impairment of certain parts of the body, i.e. scheduled members. Permanent partial disabilities to areas not specifically enumerated as scheduled members are to be assessed as a percentage of the 'body as a whole.' This Court has repeatedly held that an award of permanent partial disability for an injury to a scheduled member is exclusively controlled by the rate established by the legislature for that member and is not includable in an award to "the body as a whole." (Citations omitted.)

In *Smith v. Empire Pencil Company,* 781 S.W.2d 833, 837 (Tenn.1989), the Supreme Court discussed an injury to the rotator cuff and stated that:

"This record is replete with references to injury to plaintiff's shoulder in depositions by both doctors. The only definition of 'upper extremity' we have found in the case law is that noted in *Chapman,* supra. It includes the hand, the wrist, the elbow and the shoulder. It is an injury not otherwise specifically provided for in T.C.A. § 50–6–207(3). It does therefore fall under the provisions of T.C.A. § 50–6–207(3)(F) to be apportioned to the body as a whole."

It is clear from our review of the medical testimony that the defendant's injury is not to a scheduled member. No where does Dr. Jones state that the injury suffered by the defendant should be ascribed to the arm. Therefore, based on the medical evidence and pursuant to T.C.A. § 50–6–207(3)(F), the injury suffered by the defendant must be considered as an injury to the whole body.

It is also undisputed that the defendant has made a meaningful return to work and is earning a wage equal to or greater than that earned before the injury. Accordingly, the maximum award that the defendant may receive is 2.5 times the medical impairment rating. This would provide the defendant with a maximum award of 15% permanent partial disability to the whole body. See T.C.A. § 50–6–241.

▮ The defendant asserts that we should construe the Workers' Compensation Act so that she would not be limited by the 2.5 times multiplier contained in T.C.A. § 50–6–241. As a basis for this, the defendant asserts that T.C.A. § 50–6–116 states that the Workers' Compensation Act is a remedial statute which requires it to be given an equitable construction by the courts so that the objects and purposes of the chapter may be realized and attained. This Panel does not dispute the direction provided in T.C.A. § 50–6–116. However, in order to comply with the defendant's request, we would be required to ignore the plain meaning of T.C.A. § 50–6–207(3)(F) and the cases cited herein. In the event that the defendant believes an inequity exists in the current statutory scheme, it is a matter for the legislature to consider and not this Panel.

Additionally, the defendant contends that there have been no cases decided since the 1992 amendments to the Workers' Compensation Act that specifically address the injury suffered by the defendant in light of the 2.5 times limitation contained in T.C.A. § 50–6–241. However, we have been able to find two cases in which the issue raised by the defendant has been present but was not specifically addressed by the Court. In *Jernigan v. Henry I. Siegel Company, Inc.,* Supreme Court of Tennessee, Special Workers' Compensation Appeals Panel, at Jackson, Appeal No. 02S01–9510–CV–00101, 1996 WL 227708 (1996 Tenn. Lexis 301), filed May 3, 1996, and *SSI Services, Inc. v. Howard L. Baker,* Supreme Court of Tennessee, Special Workers' Compensation Appeals Panel, at Nashville, Appeal No. 01S01–9609–CV–00191, 1997 WL 343580 (1997 Tenn. Lexis 331), filed June 24, 1997, the Special Workers' Compensation Appeals Panel reviewed cases in which the plaintiffs suffered rotator cuff injuries. In both cases, the Panel found that the injuries were injuries to the body as a whole and applied the 2.5 times multiplier contained in T.C.A. § 50–6–241.

The defendant also submits that she should be allowed to elect whether her injury should be treated as an injury to a scheduled member or as an injury to the body as a whole. We have been provided with no authority that would give the defendant this right. Additionally, our research has failed to produce any case law or statute consistent with this position. Accordingly, we find that the defendant does not have the right to select whether the injury is treated as an injury to a scheduled member or as an injury to the body as a whole.

## CONCLUSION

The Panel finds that the defendant has suffered an injury to the rotator cuff which is an injury to the body as a whole. The Panel additionally finds that since the defendant has returned to work and is earning a wage equal to or greater than what she received

prior to the injury, she is limited to a recovery of 2.5 times her medical impairment rating. As such, the Panel finds that the defendant has suffered a 15% permanent partial disability to the whole body.

The Panel also finds that the defendant is not entitled to select whether her injury should be treated as an injury to a scheduled member or to the body as a whole. This is a determination to be made by the court based upon the law and facts of each particular case.

The judgment of the trial court is modified so that the defendant is awarded a judgment of 15% permanent partial disability to the whole body. This case is remanded to the trial court for implementation of this order. The costs of the appeal are taxed to the defendant.

JANICE M. HOLDER, Justice, JOHN K. BYERS, Senior Judge, concur.