Kary Ray FRAZIER

v.

**BRIDGESTONE/FIRESTONE, INC., et al.**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel,
at Nashville.

Oct. 19, 2001.

Mary B. Little and B. Timothy Pirtle, McMinnville, TN, for the appellants, Bridgestone/Firestone and Insurance Company of the State of Pennsylvania.

William Joseph Butler and Frank D. Farrar, Lafayette, TN, for the appellee, Kary Ray Frazier.

## MEMORANDUM OPINION

JOE C. LOSER, JR., Sp. J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, J., and HAMILTON V. GAYDEN, JR., Sp. J., joined.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel in accordance with Tenn.Code Ann. § 50–6–225(e)(3) for hearing and reporting of findings of fact and conclusions of law. In this case, the employer and its insurer contend (1) the trial court erred by referring the case to a special master for trial of all issues raised by the pleadings, (2) the evidence preponderates against the special master's finding, adopted by the trial court, that the injured employee has a permanent medical impairment of 13 percent to the body as a whole, and (3) the evidence preponderates against the trial court's award of permanent partial disability benefits based on 32.5 percent to the body as a whole. As discussed below, the panel has concluded the award of permanent partial disability benefits should be reduced to one based on 20 percent to the body as a whole.

The employee or claimant, Kary Ray Frazier, is 34 years old and a high school graduate with experience as a laborer. On March 20, 1997, while working for the employer, Bridgestone/Firestone, he felt a sudden pain in his left shoulder. At the time of the injury, he was reaching out at shoulder level to spin heavy tires to position them properly for branding. He was surgically treated by Dr. David Bratton and Dr. Wills Oglesby, but has seen a number of doctors for treatment or evaluation.

Although Dr. Bratton released a ligament and removed a bone and bursa from the injured shoulder, he found no basis for a permanent impairment rating, based on passive range of motion testing. He conceded that he did not use AMA guidelines. Dr. Oglesby later performed open reconstructive surgery to relieve pain and looseness in the injured shoulder. Dr. Oglesby assigned an impairment rating of 6 percent to the body as a whole, based on loss of motion, also using a passive test. He conceded the AMA guidelines favor active range of motion testing, where the patient moves the limb as far as his condition will

allow. In passive testing, the doctor moves the limb.

Dr. Calvin Robinson Dyer, another orthopedic surgeon, evaluated the claimant. Dr. Dyer estimated the claimant's permanent impairment at 16.2 percent to the body as a whole and opined the injury was causally related to the work the claimant was performing when he felt the sudden pain. Dr. Dyer also prescribed permanent restrictions on the use of the injured shoulder. Dr. Dyer's opinion was discredited on cross examination as inconsistent with the approved guidelines.

Dr. Sammy Mac Smith evaluated the claimant and estimated his permanent medical impairment at 12 percent to the whole body. Dr. Smith's rating was based on AMA guidelines. Dr. James Talmadge, to whom the claimant was also referred for the purpose of evaluation, assigned a permanent whole person impairment rating of 4 percent, also using AMA guidelines. The employee has returned to work at the same or greater wage.

Mr. Frazier initiated this civil action to recover workers' compensation benefits for a work-related injury. The defendants answered by denying all the material allegations of the complaint. After hearing and ruling on preliminary motions, the trial court, on the day of trial, referred the case to a special master, Richard McGregor, for the purpose of taking proof and submitting findings of fact and conclusions of law as to all issues. The special master conducted hearings and made findings and conclusions. The trial court, after careful consideration of the record, adopted the findings and conclusions of the special master awarding permanent partial disability benefits based on 32.5 percent to the body as a whole. There is a dispute as to whether the employer and its insurer objected to the reference to a special master.

The employer insists the reference of the case to a special master was error because of the holding in *Ferrell v. Cigna Property & Casualty Ins. Co.*, 33 S.W.3d 731 (Tenn.2000), wherein the Supreme Court held it was improper to create a "standing order appointing a clerk and master as special/substitute judge to hear an entire class of cases." *Ferrell*, at 739. By footnote, the *Ferrell* court said cases should be referred to a special master on a case by case basis. That case did not address the appellants' next insistence, that the reference in the present case was not proper because it referred the main issues in controversy to the special master.

By Tenn. R. Civ. P. 53, a court may submit any matter to a special master. Case law, however, both before and after the 1971 adoption of Rule 53, supports the employer's contention that such referrals are limited to collateral, subordinate, and incidental issues and the ascertainment of ancillary facts, while the main issues in controversy and the principles on which these issues are to be adjudicated must be determined by the trial court. *Ingram v. Stein*, 23 Tenn.App. 105, 126 S.W.2d 891, 892 (1938); see also *Archer v. Archer*, 907 S.W.2d 412, 415 (Tenn.Ct.App. 1995), (citing *Ingram*). Mere inconvenience is not an acceptable basis for such a referral. *See Ferrell*, 33 S.W.3d at 737–38. In the present case, the main issue in controversy is the extent of the claimant's permanent disability.

On those authorities, we now hold that referral by a trial court to a special master for the purpose of making findings and conclusions on the main issues in controversy in a workers' compensation case is prohibited. Findings relative to those issues and conclusions on which they are to be adjudicated must be determined by the trial court and may not be referred to a special master. As in *Ferrell*, the error in

this case is procedural and does not require reversal or affect the finality of the trial court's judgment. However, referrals on the main issues in the future may indeed require reversal and remand to the trial court, if the issue of the special master is raised in the court below.

 The appellant next insists the award of permanent partial disability benefits on the basis of 32.5 percent to the body as a whole is excessive. Appellate review of findings of fact is de novo upon the record of the trial court accompanied by a presumption of correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2). However, where a trial court adopts the findings of a special master, as the trial court did in the present case, appellate review is de novo without any presumption of correctness. *Archer* at 416.

Dr. Bratton, Dr. Dyer and Dr. Oglesby are licensed and board certified orthopedic surgeons, but their opinions in this case are questionable. Dr. Bratton ignored statutory guidelines. Dr. Oglesby failed to use active range of motion testing, as those guidelines require.

Dr. Talmadge, in addition to being licensed and board certified in orthopedic surgery, is an associate editor of the AMA guidelines. Dr. Smith is an experienced evaluator whose testimony reflected an understanding of the guidelines. We are persuaded from the record that the opinions of Dr. Smith and Dr. Talmadge should be considered and given equal weight. The result is that the evidence fairly reflects a permanent whole body medical impairment of 8 percent.

 Because the schedule of benefits contained in Tenn.Code Ann. § 50–6–207(3)(A)(ii) does not include shoulder injuries, the claimant is entitled to benefits based on a percentage of disability to the body as a whole. *See Advo, Inc. v. Phillips,* 989 S.W.2d 693 (Tenn.Sp.Workers Comp.1998). For injuries arising after August 1, 1992, in cases where an injured worker is entitled to permanent partial disability benefits to the body as a whole and the pre-injury employer returns the employee to employment at a wage equal to or greater than the wage the employee was receiving at the time of the injury, the maximum permanent partial disability award the employee may receive is two and one-half times the medical impairment rating pursuant to the provisions of the *American Medical Association Guides to the Evaluation of Permanent Impairment* or the *Manual for Orthopedic Surgeons in Evaluating Permanent Physical Impairment.* In making determinations, the trial courts are to consider all pertinent factors, including lay and expert testimony, the employee's age, education, skills and training, local job opportunities for the disabled, and capacity to work at types of employment available in the claimant's disabled condition. Tenn.Code Ann. § 50–6–241(a)(1).

From a consideration of the pertinent factors, to the extent they were established by the proof before the special master, the panel is persuaded that the evidence preponderates in favor of the maximum allowable award of two and one-half times the medical impairment rating, or 20 percent to the body as a whole, and against an award based on 32.5 percent to the body as a whole. The judgment is modified accordingly.

As modified, the judgment of the trial court is affirmed. Costs are taxed to the appellants.