IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 5, 2002 Session

## LINDA S. REECE v. FINDLAY INDUSTRIES, INC.

**Appeal from the Chancery Court for Warren County**
**No. 7277     Charles D. Haston, Sr., Chancellor**

_____

**No. M2001-01366-SC-R3-CV - Filed September 3, 2002**

_____

AND

## HAROLD EDWARD TIGUE, JR. v. TOKIO MARINE & FIRE INSURANCE COMPANY, ET AL.

**Appeal from the Chancery Court for Warren County**
**No. 7157     Charles D. Haston, Sr., Chancellor**

_____

**No. M2001-01368-SC-R3-CV - Filed September 3, 2002**

_____

We granted this appeal to determine the propriety of the trial judge's actions in the adjudication of these workers' compensation cases. We hold that the trial judge failed to perform all the duties of the judge's office prescribed by law in these consolidated cases by improperly delegating his authority to the clerk and master to adjudicate the cases. Accordingly, the judgments of the trial court are reversed, and the cases are remanded to the trial court for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court Reversed;**
**Cases Remanded**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ, joined.

B. Timothy Pirtle, McMinnville, Tennessee, for the appellant, Findlay Industries, Inc., and for the appellants, Calsonic Yorozu Corporation, Tokio Marine & Fire Insurance Company, and Yasuda Fire & Marine Insurance Co. of America.

Barry H. Medley, McMinnville, Tennessee, for the appellee, Linda S. Reece, and for the appellee, Harold Edward Tigue, Jr.

**OPINION**

**BACKGROUND / PROCEDURAL HISTORY**

Harold Edward Tigue, Jr. ("Tigue") filed a complaint against Calsonic Yorozu Corporation ("CYC") on November 16, 1999. Tigue alleged that he suffered a workplace injury while working for CYC. In the complaint, Tigue provided notice to CYC that on January 6, 2000, he intended to appear before the "Honorable J. Richard McGregor, Special Judge" to seek a default judgment and an order compelling discovery. CYC moved to quash the notice of hearing before Special Judge McGregor. On June 8, 2000, Tigue filed a motion requesting the appointment of a special master to adjudicate the case. CYC objected to the appointment, alleging that no facts were asserted to support the request.

On March 21, 2000, Linda S. Reece filed a complaint against Findlay Industries, Incorporated ("Findlay"). The complaint alleged that Reece suffered a work-related injury. On June 8, 2000, Reece filed a motion requesting the appointment of a "special master." Findlay objected to the appointment of a special master, asserting that no facts were given to support the request. The trial court held a hearing on the motions for appointment of a special master in both Tigue v. Calsonic Yorozu Corp. and Reece v. Findlay Industries, Inc. on June 20, 2000.[1]

By orders entered June 28, 2000, the trial court appointed Richard M. McGregor, clerk and master of chancery court, as the special master to adjudicate both cases. The orders stated that the purpose of appointing Mr. McGregor was to expedite the disposition of the workers' compensation cases in accordance with Tennessee Code Annotated Section 50-6-225(f). Notwithstanding his appointment as a special master, Mr. McGregor did not hear any proof in these cases. Instead, Chancellor Charles D. Haston presided over the trials of Tigue v. Calsonic Yorozu Corp. on December 11, 2000, and Reece v. Findlay Industries, Inc. on December 12, 2000. Mr. McGregor was not present at the trials. The testimony was transcribed and filed by the court with the clerk and master.

On February 9, 2001, Chancellor Haston entered an order awarding Tigue a judgment based upon a finding of a 20% permanent partial disability to the body as a whole. The judgment, as drafted by Mr. McGregor and signed by the trial judge, states that "the Plaintiff [was] a credible

---

[1]Ms. Reece and Mr. Tigue were represented by the same attorney. In addition to the motions filed in Reece and Tigue seeking the appointment of a special master, six similar motions were filed on June 8, 2000, by this attorney. The hearing held on June 20, 2000, concerned all of the motions for the appointment of special counsel.

witness." This finding was contrary to Chancellor Haston's handwritten trial notes.[2] CYC filed a motion to alter or amend the judgment or, in the alternative, for a new trial asserting, *inter alia*, that the trial court delegated the adjudication of the case to the clerk and master without the consent of CYC. A hearing was held on the motion on March 26, 2001. The trial judge admitted that the judgment did not express his feelings or desire and that it "was not [his] order." Chancellor Haston stated,

> [T]his [case] was handed to my Clerk and Master, Mr. McGregor, to go over the record and so forth and to let me know what he thought about it, and what happened was, he'd drawn an Order up and sent it up in his handwriting, which was reduced to type out and signed by me. Of course, I make no bones about the fact, if an Order is put in front of me with a blank line on it, I'll sign it. That's bad business, but I sign so many, I do that all the time, but this, folks, is not my take on the case, frankly and it does not express my feeling or my desire . . . .
>
> This is just not justice, as far as I'm concerned. It may well be that after we go back over it again and so forth that it would be the appropriate thing to do, but I made a note here and it's for all to see, and it was a personal writing notation to either myself or Mr. McGregor, which was unfortunately made public, and nothing I can do about that, but I said I didn't find this witness to be credible, and there's no sense trying to talk around that . . . .
>
> This is not my feeling. This is not my decision, and this is not my Order. It's not going to be put down. It's wrong. It's inadvertently put down, and it needs to be corrected . . . .

Despite these statements, however, the trial judge entered an order overruling CYC's motion. CYC filed a notice of appeal.

In a second order entered on February 9, 2001, Chancellor Haston awarded Reece a 45% permanent partial disability to the left hand. Findlay requested that the trial court alter or amend the judgment or grant a new trial, alleging that the trial court delegated its authority to adjudicate the case to the clerk and master without Findlay's consent and in violation of its rights. The trial court overruled the motion. Findlay appealed to the Special Workers' Compensation Appeals Panel pursuant to Tennessee Code Annotated 50-6-225(e)(3). Upon order of this Court, the cases were consolidated and transferred to the entire Supreme Court for review.

---

[2]Chancellor Haston's notes were placed in the file inadvertently. In these notes, Chancellor Haston indicates that the employee "is a whiner" who was "mad at CYC."

## STANDARD OF REVIEW

Findings of fact by the trial court are reviewed de novo upon the record, accompanied by a presumption of the correctness of the trial court's findings, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(e)(2) (2000). Questions of law, however, are reviewed de novo with no presumption of correctness. See Nelson v. Wal-Mart Stores, Inc., 8 S.W.3d 625, 628 (Tenn. 1999).

## ANALYSIS

To determine the propriety of the trial judge's actions in the adjudication of these cases requires a review of our previous holdings concerning the appointment of a special judge or master to adjudicate workers' compensation cases. In Ferrell v. Cigna Property & Casualty Insurance Co., 33 S.W.3d 731, 739 (Tenn. 2000), we held that "[a] standing order appointing a clerk and master as special/substitute judge to hear an entire class of cases is not appropriate." When a trial judge finds it necessary to be absent from holding court, the trial judge may appoint a clerk and master to act as a special judge if the clerk and master is a licensed attorney in good standing with this court and is serving as special judge in matters related solely to his duties as judicial officer. Id. at 737. The trial judge's absence must be necessary, however, meaning that the appointment of a special judge must be indispensable as opposed to convenient. Id. at 707-738. "The judicial duties of a judge take precedence over all the judge's other activities." Sup. Ct. R. 10, Canon 3A. These duties include "all the duties of the judge's office prescribed by [court rules, statutes, constitutional provisions, and decisional law]." Ferrell, 33 S.W.3d at 738.

In Frazier v. Bridgestone/Firestone, Inc., 67 S.W.3d 782 (Tenn. Workers' Comp. Panel 2001), the appointment of a clerk and master as a special master to adjudicate workers' compensation cases was further considered. In Frazier, decided after the judgments in these cases were entered, the Special Workers' Compensation Panel held that "referral by a trial court to a special master for the purpose of making findings and conclusions on the main issues in controversy in a workers' compensation case is prohibited." Id. at 784. Such findings must be determined by the trial court and may not be referred to a special master. Id. Although a special master made findings and conclusions on the main issue in controversy in Frazier, the Panel did not reverse the trial court's judgment. The Panel stated, however, that "referrals on the main issues in the future may indeed require reversal and remand to the trial court, if the issue of the special master is raised in the court below." Id. at 785.

Our review of the record indicates that the trial court first conducted a hearing to determine if the cases should be heard by a special master and then entered orders referring both cases to Mr. McGregor, the clerk and master. The employers opposed the orders of reference. The special master was ordered to conduct an evidentiary hearing and to issue a report containing findings of fact and conclusions of law. These orders of reference, however, were not followed. Instead, the trial judge presided over the trials in both of these cases. Chancellor Haston then provided Mr. McGregor with the record. Mr. McGregor drafted handwritten judgments that were later typed for the trial judge's

-4-

signature. From the statements of the trial judge, it appears that he did not review the content of the orders before he signed them. The trial court's actions thereby effectively delegated the adjudication of these cases to a person who had not presided over the trial and who had not seen or heard the witnesses. Moreover, it is clear that the judgment did not reflect the trial judge's views of the case. In reviewing the procedures used and the resulting outcome of these cases the trial court stated, "This is just not justice." We agree.

The record provides further enlightenment as to other variations used by the trial judge to delegate his responsibility to adjudicate workers' compensation cases through the use of a special master. In one variation, both the trial judge and the clerk and master are present in the courtroom during the evidentiary hearing, but the clerk and master decides the case and then submits a proposed judgment to the trial judge.[3]

These cases were tried after our decision in Ferrell but before the decision in Frazier. It is abundantly clear that the trial judge's actions are attempts to sidestep this Court's decision in Ferrell. In Ferrell, we discussed the statutory duty of a trial judge to hear and decide workers' compensation cases and the limited circumstances in which a trial judge may refer cases to a special judge. Specifically, the trial judge's absence from the courtroom must be necessary, not merely convenient but, rather, indispensable. The holding in Frazier was a further attempt to prevent the delegation of a trial judge's duty to hear and decide workers' compensation cases by referring such cases to a special master. The procedures used by the trial judge in these consolidated cases, while more subtle than those employed in Frazier, were clearly used to avoid this duty.

In Frazier, we warned that referrals on the main issues in the future may require reversal and remand to the trial court if the issue of the special master is raised in the court below. Frazier, 67 S.W.3d at 785. Although Mr. McGregor did not act as a special master in these cases, it is unquestionable that he adjudicated them. The trial court's blatant attempt to avoid adjudicating

---

[3]We have reviewed a transcript from McBride v. Findlay Industries, Inc., Warren County Chancery Court No. 7597, pursuant to Tenn. R. App. P. 14. During a hearing in that case, the transcript in McBride reflects that Mr. McGregor stated,

> [T]he way we try these workman comps here is now Judge Haston wants me to be sitting over in the side seat which is right over here. Whenever the case is - - And this is for the benefit of your client. Whenever the case is tried, I hear all the proof. If I happen not to be here, the record is typed, and I read the whole record. I make a recommendation to Judge Haston as to what I think the case is worth, what I think the stuff is, and then he comes back out here and he tells you.

> . . .

> And I don't know why folks want [Judge Haston] to try it knowing that I'm going to have to be sitting beside him. I mean, it's just stupid. It ties both of us up because it's going to come out to be the same result. I mean, if I hear it sitting here or I hear it sitting over there about a foot lower, it's going to be the same thing in writing.

workers' compensation cases despite our holding in <u>Ferrell</u> requires an application of the remedy indicated in <u>Frazier</u>. Accordingly, the judgments of the trial court are reversed, and the cases are remanded to the trial court for a new trial.

## <u>CONCLUSION</u>

We hold that the trial judge in these consolidated cases failed to perform all the duties of the judge's office prescribed by law by improperly delegating his authority to the clerk and master to adjudicate the cases. The judgments of the trial court are reversed, and the cases are remanded for a new trial consistent with this opinion. Costs of this appeal are assessed to the appellees, Harold Edward Tigue, Jr. and Linda S. Reece, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE